IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHOICE IS YOURS, INC., et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 14-1804 |
| | : | |
| THE CHOICE IS YOURS, et al., | : | |
| | : | |
| Defendants. | : | |

## DISCOVERY ORDER

**AND NOW**, this 8th day of May, 2015, in consideration of Defendant Ogontz Avenue Revitalization Corporation's ("OARC") April 10, 2015 letter motion for recovery of attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and the Court's inherent power and Plaintiffs' letter response, **IT IS HEREBY ORDERED** that Defendant OARC's Motion is **DENIED**.[1]

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Third Circuit has held that "a finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing attorney's fees" under § 1927. Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991). Conversely, sanctions may not be imposed under § 1927 where counsel's conduct did not result from willful bad faith, but arose from a misunderstanding, bad judgment, or well-intentioned zeal. Grider v. Keystone Health Plan Cent., Int., 580 F.3d 119, 142 (3d Cir. 2009). After considering OARC's letter motion and Plaintiffs' response, I do not find that the conduct of Plaintiffs' counsel rose to the level of willful bad faith necessary to impose sanctions. However, now that Plaintiffs' counsel is acutely aware of how the previously submitted complaint verifications were deficient, I caution Plaintiffs' counsel going forward to diligently comply with the applicable law and procedure concerning any future complaint verification filed with the Court.