UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THE CHOICE IS YOURS, INC.; and <br> JAMES SMALLWOOD <br><br> Plaintiffs, <br> v. <br><br> SETH WILLIAMS, *District Attorney*; <br> PUBLIC/PRIVATE VENTURES; and <br> THE CITY OF PHILADELPHIA, <br><br> Defendants. | No. 2:14-cv-01804 |

**OPINION AND ORDER**
**Plaintiffs' Motion for Writ of Habeas Corpus Ad Testificandum, ECF No. 246-Denied**

**Joseph F. Leeson, Jr.**                                                                               **January 30, 2018**
**United States District Judge**

## I. INTRODUCTION

In this intellectual property dispute, Plaintiff James Smallwood, founder of Plaintiff The Choice is Yours, Inc., a non-profit organization in Philadelphia that provides educational and vocational training to at-risk populations,[1] contends that Defendants the City of Philadelphia, Public/Private Ventures, and Seth Williams, the former District Attorney of the City of Philadelphia, infringed upon Smallwood's trademark when the Philadelphia District Attorney's office launched a diversionary program for nonviolent felony drug offenders known as "The Choice is Yours." On September 1, 2017, this Court denied summary judgment in favor of Defendants on Smallwood's claims of trademark infringement under 15 U.S.C. § 1114(a), false association under 15 U.S.C. § 1125(a)(1)(A), and unjust enrichment. ECF No. 237.

---
[1]     For ease of reference, this Court will refer to both Smallwood and his organization collectively as "Smallwood."

In preparation for trial, Smallwood has moved for a writ of habeas corpus ad testificandum and ad prosequendum to secure the presence at trial of Williams, who is currently serving five years in federal custody after pleading guilty to one count of "Travel and Use of Interstate Facilities to Promote Bribery Contrary to Pennsylvania Law." For the reasons discussed below, this Court denies Smallwood's motion and declines to issue the writ.

## II. LEGAL STANDARD

28 U.S.C. § 2241(c)(5) allows a district court to issue a writ of habeas corpus for a prisoner if "[i]t is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(5).[2] A party seeking the writ must prove the necessity of the witness's testimony; if the movant fails to carry this burden, a court may deny the request for the writ. *United States v. Murphy*, 460 F. App'x 122, 125 (3d Cir. 2012) (finding that district court properly denied writ where moving party failed to prove relevance and necessity of putative testimony). Whether a prisoner's presence is "necessary" "depends on the nature of the testimony he is likely to give in relation to the substantive law governing the particular offense charged." *United States v. Cruz-Jiminez*, 977 F.2d 95, 100 (3d Cir. 1992). In ruling on a request for a writ of habeas corpus ad testificandum, a district court may exercise its discretion, but should consider several factors, including the costs and inconvenience of transporting a prisoner to court, any potential security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial

---

[2] Defendants point out, correctly, that a writ of habeas corpus ad prosequendum ordinarily refers to the writ used to secure the presence of a prisoner to defend against criminal charges "other than those for which the prisoner is currently being confined," not for a civil action. *Habeas Corpus*, BLACK'S LAW DICTIONARY (10th ed. 2014). 28 U.S.C. § 2241(c)(5) diminishes the distinction between ad prosequendum and ad testificandum because the statute allows the writ to issue when the prisoner is necessary either to testify or for trial. Regardless, as discussed below, Smallwood cannot show that Williams is necessary for either purpose.

until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition. *Id.* at 104.

### III. ANALYSIS

Smallwood argues first that Williams should be present because he is a defendant. He contends that "in a civil case . . . the presence of the defendant in the action is both necessary and required for a full and fair adjudication of the claims." Pls.' Reply 3, ECF No. 253. Smallwood provides no support for this assertion. In fact, "[i]t is well established that prisoners do not have an absolute constitutional right to be present in their own civil actions." *Cook v. Boyd*, 881 F. Supp. 171, 175 (E.D. Pa. 1995). Smallwood points out correctly that the cases Defendants cite involved prisoner plaintiffs, whereas here, Williams is a defendant. But at least one court has denied a writ to secure the presence of a prisoner who was a defendant in a civil suit. *See ITEL Capital Corp. v. Dennis Min. Supply & Equip., Inc.*, 651 F.2d 405 (5th Cir. 1981) (upholding denial of prisoner's petition for habeas corpus as untimely even though he was defendant in civil law suit and was not represented by counsel). Williams's status as a defendant does not automatically make his presence necessary.[3]

Smallwood contends that Williams's testimony, in addition to his presence, is necessary to the case. He argues that, "[a]s the primary defendant, Mr. Williams's credibility is directly in question in this matter . . . ." Reply 4. However, this case is a trademark dispute—the ultimate question is the likelihood of confusion between two marks, not the credibility of Seth Williams,

---

[3] Additionally, the Fifth Circuit Court of Appeals upheld the denial of the writ in *ITEL Capital Corp.* even though the prisoner-defendant was unrepresented by counsel, and no evidence was presented on his behalf at the civil trial. 651 F. 2d at 406. Here, by contrast, Williams has able counsel to protect his interests at trial in his absence.

as a review of the substantive law governing this case confirms. This Court denied Defendants' supplemental motions for summary judgment because it found genuine issues of material fact: whether Smallwood's use of the name "The Choice is Yours" penetrated the market in the Philadelphia and Camden areas and whether a likelihood of confusion exists between the Plaintiff organization and the District Attorney's program. Supp. Summ. J. Op. 2, 8, ECF No. 237. Evidence concerning Williams's credibility and past misconduct will not help the jury resolve these issues.

Smallwood argues, and Defendants admit, that Williams's credibility might be at issue as it relates to the issue of knowing infringement of Smallwood's trademark. Reply 4; Defs.' Opp. 7 n.5, ECF No. 249. This is, at most, a secondary question, and one which does not require Williams's presence at trial. According to Smallwood, the evidence "clearly indicates" that the District Attorney's office "almost certainly" knew about Smallwood's program before the office developed its own program. Reply 6. In fact, Smallwood argues, "[t]he evidence reveals beyond any reasonable doubt that defendant Williams in fact knew about Plaintiff's trademark and program in 2012 and, despite knowing that the continuing use of the mark was infringing, continued to use Plaintiffs' [sic] trademark without permission." *Id.* If this assertion is true—and the Court does not offer any opinion as to whether it is—then Smallwood does not need Williams to be present at trial to make his case. Smallwood points to evidence in the record to cast doubt on Williams's deposition testimony that he had no knowledge of Smallwood or his program. To the extent any credibility disputes exist, they can be resolved by presenting this evidence at trial alongside Williams's deposition testimony and allowing the jury to weigh them.

Smallwood complains that Williams's videotaped deposition testimony is an inadequate substitute for his testimony at trial for two reasons, neither of which is compelling. First,

4
013018

Smallwood protests that he deposed Williams before anyone knew that Williams would be unavailable at trial and before the summary judgment order, expert reports, and motions in limine. Reply 7. However, Smallwood does not explain any further how Williams's prior testimony is lacking or identify any relevant area of inquiry that he did not have a full opportunity to address with Williams. Second, Smallwood argues that the deposition was taken before "Mr. Williams's credibility had taken debilitating blows following his arrest and conviction," which requires that he "be questioned anew, now that this façade has crumbled." *Id.* Smallwood argues that the crimes to which Mr. Williams admitted "mirror[] Mr. Williams's alleged conduct and motivations in this case, where it is alleged that he launched the DA Program with the hopes that it would gain him political capital run [sic] for higher office." *Id.*

This argument reveals Smallwood's true intentions: to bring Williams into court and delve into the circumstances surrounding his conviction with the hope of discrediting him. But as discussed above, this case hinges on the similarity of two trademarks, which does not warrant retrying Williams's criminal case. Furthermore, to the extent that Williams acts as a witness and Smallwood wants to impeach his credibility, the rules of evidence strictly limit the use of evidence of prior bad acts. For example, Federal Rule of Evidence 609 provides that evidence of conviction for a crime punishable for imprisonment for more than one year must be admitted in a civil case, subject to the limitations of Rule 403; however, such evidence is limited to the "essential facts," such as the number of convictions, the nature of the crimes, when they happened, and the sentence received. Fed. R. Evid. 609(a)(1)(A); *United States v. Mitchell*, 427 F.2d 644, 647 (3d Cir. 1970). Similarly, Federal Rule of Evidence 608(b) allows an inquiry on cross examination into specific instances of a witness's past conduct "if they are probative of the character for truthfulness or untruthfulness" of the witness. Fed. R. Evid. 608(b). Even when

5
013018

admissible under Rule 608, evidence of past acts must comply with Rule 403 and may be excluded, even if relevant, where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Thompson v. Mancuso*, No. CIV.A.08-3638, 2009 WL 2616713, at *8 (E.D. Pa. Aug. 25, 2009) (quoting *United States v. Williams*, 464 F.3d 443, 448 (3d Cir. 2006)) (internal quotations omitted).

Given that the major issue here is an intellectual property dispute, to be resolved by determining the similarity of two marks, this Court doubts that an inquiry into scandalous but unrelated actions of a public figure would not confuse the issues, mislead the jury, and waste time. *See United States v. Lightfoot*, No. CRIM. 91-577, 1992 WL 212403, at *8 (E.D. Pa. Aug. 28, 1992) (holding that evidence of prior bad acts in the form of missing tax returns distracted jury from main issue of defendant's predisposition to commit a drug traffic offense and did not satisfy Rule 403). To the extent that Smallwood wants to introduce evidence of Williams's conviction, the "essential facts" can be established without Williams's presence. But to the extent that Smallwood wants to conduct a more thorough inquiry into Williams's past, the Federal Rules of Evidence likely prohibit him from doing so. Given the likely limited nature of any questioning of Williams concerning actions brought to light since his deposition, his deposition testimony offers an adequate substitute for his testimony at trial.[4]

Lastly, Smallwood's request would also impose significant costs and security issues that weigh against issuing the writ. Smallwood attempts to downplay these concerns, but he overlooks the fact that Williams is a high-profile figure who was at the center of a recent scandal,

---

[4] At this time, the Court does not intend to rule definitively on the admissibility of any evidence; it addresses the evidentiary issues merely to highlight that Smallwood overstates the need to question Williams about the events surrounding his conviction.

and that his testimony in this case would likely draw media attention and thus require additional security to protect the parties, the Court, and courthouse personnel. *See In re Bernard L. Madoff Inv. Sec. LLC*, No. 13 CIV. 4332 ALC, 2014 WL 1302660, at *6 (S.D.N.Y. Mar. 31, 2014) (holding that writ to secure testimony of Bernie Madoff was properly denied in light of minimal value Madoff's testimony would add to case and increased security risks from media attention). As in *In re Bernard L. Madoff*, "[a]ny suggestion by [Plaintiffs] that transporting [Williams] would be just like transporting any other prisoner is not based in reality." *Id.* The costs, inconvenience, and attendant security risk to transferring Williams support declining to issue the writ in this case.

Smallwood has not shown that it is necessary to bring Williams into court to testify or for trial. Therefore, this Court will exercise its discretion and deny the motion for a writ of habeas corpus.

## **O R D E R**

**AND NOW**, this 30th day of January, 2018, for the reasons mentioned above, **IT IS ORDERED THAT** Plaintiffs' Motion for Writ of Habeas Corpus ad Testificandum is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge